**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Application of<br><br>FourWorld Event Opportunities LP and Genesis Emerging Markets Investment Company,<br><br>Petitioners, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery For Use In a Foreign Proceeding. | No. MC-22-00055-PHX-DWL<br><br>**ORDER** |

Petitioners FourWorld Event Opportunities LP and Genesis Emerging Markets Investment Company filed an application pursuant to 28 U.S.C. § 1782 for leave to serve a subpoena on Alex Nanyan Zheng. (Doc. 1.) For the following reasons, the application is granted.

## BACKGROUND

Petitioners seek to serve the subpoena (Doc. 1-6) on Zheng to take his deposition for use in connection with an appraisal proceeding filed in the Grand Court of the Cayman Islands (the "Cayman Court") on November 10, 2020. (Doc. 2 at 1.) In the appraisal proceeding, "Petitioners (along with other dissenting shareholders) seek a determination of the fair value of their former shareholdings in 58.com, a Cayman Islands company that was delisted from the New York Stock Exchange, and taken private on September 17, 2020." (*Id.*) Petitioners assert that their "shares were forcibly canceled through a $8.7 billion merger orchestrated by the Company's CEO and several private-equity funds" that was "coercive and fundamentally unfair to minority shareholders, with

respect to both the Merger price, which significantly undervalued 58.com's shares, and the process to approve the Merger." (*Id.*)  Zheng "was a member of the Buyer Group that brought the Company private through the Merger" and is a director and 50% equity interest owner of Ocean Link GP, which "played a critical role in the Merger" by making "the original proposal to take the Company private" and "solicit[ing] other members of the Buyer Group." (*Id.* at 8-9.)  Because Zheng is not a party in the appraisal proceeding and resides in Arizona, outside the Cayman Court's jurisdiction, Petitioners cannot compel discovery from him through the Cayman Court, "even though his testimony may be crucial to the issues in that proceeding." (*Id.* at 12.)

**DISCUSSION**

I. <u>Legal Standard</u>

Pursuant to 28 U.S.C. § 1782(a):

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person . . . .

"Section 1782's statutory language has been distilled to permit district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

If the statutory requirements are satisfied, several discretionary factors bear on whether relief ought to be granted. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).  "The § 1782 discretionary factors include, primarily, whether [1] 'the person from whom discovery is sought is a participant in the foreign proceeding'; [2] 'the nature of the foreign tribunal, the character of the proceedings underway abroad,

and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; [3] whether the request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and [4] whether the request is 'unduly intrusive or burdensome.'" *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 571 (9th Cir. 2011) (quoting *Intel,* 542 U.S. at 264-65). "The *Intel* factors involve overlapping considerations, are considered collectively by the court in exercising its discretion, and are not stand-alone categorical imperatives." *In Matter of Application of Action & Prot. Found. Daniel Bodnar*, 2014 WL 2795832, *5 (N.D. Cal. 2014).

Relief under § 1782 can be granted on an ex parte basis, as witnesses can "raise[] objections and exercise[] their due process rights by motions to quash[1] the subpoenas." *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). The Court considers the application on an ex parte basis to further the speedy resolution of this miscellaneous action, in part because one of the primary aims of § 1782 is "providing efficient assistance to participants in international litigation." *Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 669 (9th Cir. 2002).

II.     Analysis

The statutory requirements are satisfied. Zheng resides in Arizona (Doc. 1-3 at 2), the discovery is for use in a proceeding in the Cayman Court, a foreign or international tribunal (Doc. 1-4 at 1), and Petitioners are litigants in the foreign proceeding and are thus interested persons (*id.*).

The Court therefore has discretion to grant the application and considers the *Intel* factors to aid in its determination. First, Zheng is not a defendant in the appraisal proceeding in the Cayman Court. (Doc. 1-4 at 10.) Second, Petitioners have submitted evidence that the Cayman Court is familiar with and receptive to evidence gathered

---

[1]     A motion to quash can challenge whether the subpoena complies with Rule 45 of the Federal Rules of Civil Procedure and can also ask the Court to "reconsider the applicability of the § 1782 factors" when the subpoena was "initially issued and approved without adversarial briefing." *Republic of Kazakhstan v. Lawler*, 2020 WL 417541, *3 (D. Ariz. 2020).

through § 1782 applications. (*Id.*) Third, the Cayman Court has issued an order that "expressly contemplates that the parties may use Section 1782 to obtain evidence for use in the Appraisal Proceeding," (*id.*), and there is no indication that this application is an attempt to circumvent foreign proof-gathering restrictions. Fourth, this request does not appear to be unduly intrusive or burdensome. The factors all favor granting the application.

Accordingly,

**IT IS ORDERED** that the *ex parte* application under 28 U.S.C. § 1782 (Doc. 1) is **granted**. Petitioners may serve the subpoena[2] and this order on Zheng. Within 14 days of being served with the subpoena, Zheng shall either comply or file a motion to quash or modify the subpoena.

Dated this 11th day of January, 2023.

Dominic W. Lanza
United States District Judge

---

[2] The "Date and Time" section of the subpoena must be modified to reflect that compliance is required within 14 days of *service* of the subpoena and this order, not within 14 days of the issuance of the order. Service shall be effected in accordance with Rule 45(b) of the Federal Rules of Civil Procedure.